OPINION OF THE COURT
Geoffrey J. O’Connell, J.
Plaintiff in this small claims action seeks to recover his $200 down payment towards the purchase of a new 1987 Nissan Sentra.
Plaintiff entered into a written contract dated February 7, 1987. The printed portion of the contract form contained in bold letters the following: "if you agree to assist me in *14 OBTAINING FINANCING FOR ANY PART OF THE PURCHASE PRICE, THIS ORDER SHALL NOT BE BINDING UPON YOU OR ME UNTIL ALL OF THE CREDIT TERMS ARE PRESENTED TO ME IN ACCORDANCE WITH REGULATION V ('TRUTH-IN-LENDING’) AND ARE ACCEPTED BY ME. IF I DO NOT ACCEPT THE CREDIT TERMS WHEN PRESENTED, I MAY CANCEL THIS ORDER AND MY DEPOSIT WILL BE REFUNDED.” It is undisputed that defendant agreed to assist in securing financing.
The discussion of credit terms on February 7, 1987 was limited to the amount to be financed. No further discussion was had until February 21, 1987 when defendant tendered delivery of the vehicle. Without examining the auto, plaintiff asked for and was given the retail installment contract which was to be assigned to Marine Midland Bank or Marine Midland Consumer Credit Corporation. The agreement provided for the financing of $5,285.02 at 10.5% interest annually to be paid in 48 equal monthly installments.
Plaintiff objected to the provisions of the credit agreement dealing with "repossession” and the lack of a grace period. He refused to execute the credit agreement. An agreement for financing to be assigned to another credit institution was offered and refused. Plaintiff then demanded the return of his deposit without success. Thereafter he commenced this action for the return of his deposit. Defendant has interposed a counterclaim for $445 representing the lost profit on the transaction.
Only the initial installment credit agreement was offered into evidence and the precise language to which the plaintiff took exception was never identified. However, paragraph 2 of the "Additional Terms” provides that the failure to make any payment "on time” constitutes a default upon which the lender may accelerate the entire amount of the loan. Failure to pay the full balance due after acceleration will result in monthly interest at the rate of 2% on the outstanding balance. Paragraph 6 permits repossession of the vehicle without notice upon default and acceleration.
Defendant contends that it complied with "Regulation Z (Truth in Lending)” (15 USC § 1639; 12 CFR 226.17 et seq.) by orally disclosing the amount to be financed, the finance charge, the annual percentage rate, the number and amount of the payments and the total sales price. The record at trial does not support the contention that such disclosure was made even orally. However, 12 CFR 226.17 (a) (1) provides: "The *15 creditor shall make the disclosures required by this subpart clearly and conspicuously in writing”. Section 226.17 (b) provides: "The creditor shall make disclosures before consummation of the transaction.” Additionally, 12 CFR 226.18 (l) and (m) require that the disclosure include "[a]ny dollar or percentage charge” for late payment and the fact that the creditor will acquire and hold a security interest in the property purchased. Defendant fails to even allege compliance with these requirements.
Thus, pursuant to the terms of the contract the plaintiff is entitled to the return of his deposit inasmuch as the defendant failed to make timely written disclosure as required by Regulation "Z” (Truth in Lending).
Judgment for the plaintiff in the amount of $200, with costs and interest from February 21, 1987 on the main claim. Judgment for the plaintiff on the counterclaim.